(February 10, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVE STEIGELFEST, Respondent, v WARDEN, BROOKLYN MEN'S HOUSE OF DETENTION, Appellant. [607 NYS2d 698] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated January 4, 1994, which, after a hearing, sustained the writ to the extent of setting bail in the amount of $1,000,000 in the form of an insurance company bail bond.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Considering among other things, "[t]he nature of the offen-

se[s], probability of conviction, and severity of the sentence which may be imposed, all increasing the risk of flight or unavailability for trial" *(People ex rel. Parone v Phimister,* 29 NY2d 580, 581; *People ex rel. Mascia v Jacquin,* 184 AD2d 542),* we conclude that the denials of the petitioner's motions to set bail, both by the arraignment court and by the court on a subsequent bail application, were the product of the courts' "exercise of discretion resting upon a rational basis" *(People ex rel. Parone v Phimister, supra,* at 581). It follows that the habeas corpus court exceeded the narrow scope of the review powers available to it, and erred in substituting its discretion for that of the other courts *(see, People ex rel. Lazer v Warden,* 79 NY2d 839; *People ex rel. Parker v Hasenauer,* 62 NY2d 777, 779). Mangano, P. J., Thompson, Sullivan and Balletta, JJ., concur.